UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA L. MOORE                                                                                      PLAINTIFF

vs.                                                                            CIVIL ACTION NO. 3:13-cv-33-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES                                                                                    DEFENDANT

ORDER

This employment-discrimination case is before the Court on Defendant's Motion for Summary Judgment [23]. Plaintiff responded in opposition. The Court finds that Defendant's motion should be granted because Plaintiff failed to establish pretext.

I.    Facts and Procedural History

Plaintiff, Angela Moore, began working for Defendant, Mississippi Department of Human Services (DHS), in September 2011. Def.'s Mem. Supp. Summ. J. [24] at 1. As an Eligibility Worker, Plaintiff participated in "flex" time scheduling that allowed her to work from the hours of 8:00 a.m. to 4:30 p.m. *Id.* at 2. In May of 2012, DHS ended the "flex" time schedule, and required all Eligibility Workers to maintain office hours of 8:00 a.m. to 5:00 p.m. Pl.'s Compl. [3] at ¶ 8. Plaintiff requested that she continue under "flex" time because of childcare considerations. Pl.'s Mem. Resp. [27] at 1. Defendant denied that request, and one month later, terminated Moore from her position. Def.'s Mem. Supp. Summ. J. [24] at 2. Defendant states that Moore was "insubordinate" and "argumentative with management." *Id.* Conversely, Moore alleges that Defendant discriminated against her by allowing Lionel Cooper, a male co-worker, to remain on "flex" time. Pl.'s Compl. [3] at ¶ 9.

Aggrieved by her termination, Moore filed a Charge of Discrimination with the EEOC. The EEOC issued a right-to-sue letter, and Moore filed this action in the Circuit Court for the First Judicial District of Hinds County, Mississippi. Defendant then properly removed the case pursuant to 28 U.S.C. § 1441. Moore's complaint alleges unlawful sex discrimination in violation of Title VII. Defendant seeks summary judgment on all claims. The Court has personal and subject-matter jurisdiction.

II.     Standard of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

Aggrieved by her termination, Moore filed a Charge of Discrimination with the EEOC. The EEOC issued a right-to-sue letter, and Moore filed this action in the Circuit Court for the First Judicial District of Hinds County, Mississippi. Defendant then properly removed the case pursuant to 28 U.S.C. § 1441. Moore's complaint alleges unlawful sex discrimination in violation of Title VII. Defendant seeks summary judgment on all claims. The Court has personal and subject-matter jurisdiction.

II.     Standard of Review

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

When reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  If such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.   Analysis

   A.   Conceded and Abandoned Claims

Moore concedes that her claims of retaliatory discrimination and punitive damages should be dismissed.  Pl.'s Mem. Resp. [27] at 4.  Both claims are therefore dismissed, and as such, the only remaining claim is that of sex discrimination.

   B.   Sex Discrimination

Title VII sex-discrimination claims follow the familiar *McDonnell-Douglas* burden-shifting analysis.  First, the plaintiff must establish a prima facie case of discrimination by showing:

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of h[er] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  And in the work-rule-violation context, the final prong can be established by proof that the plaintiff did not violate the rule.  *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995).

If the plaintiff establishes a prima facie case, an inference of discrimination is raised, and the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse-employment action. *Lee*, 574 F.3d at 259. If such a reason is demonstrated, the plaintiff must ultimately show "that the employer's explanation is merely a pretext for" discrimination. *Id.*

The parties agree that Moore satisfies the first three prongs of the *McDonnell-Douglas* standard. But they dispute whether she satisfies the fourth. According to Moore, she has met this initial burden because she denies any work-rule violations, an argument she supports with her own somewhat conclusory affidavit. Pl.'s Aff. [26-2]. Whether Moore's affidavit is sufficient is not clear. *See Lacy v. Dallas Cowboys Football Club*, No. 3:11–CV–0300–B, 2012 WL 2795979, at *7 (N.D. Tex. July 10, 2012) (comparing *Thornton v. Univ. of Miss. Med. Ctr.*, No. 3:09–CV–023–HTW–LRA, 2011 WL 4373942, at *6 (S.D. Miss. Sept.19, 2011) (holding conclusory statements in plaintiff's affidavit insufficient), *with Coleman v. Miller Enters., LLC*, No. 2:10–CV–296–KS–MTP, 2011 WL 4737580, at *2 (S.D. Miss. Oct.6, 2011) (holding plaintiff's affidavit sufficient)). But because she fails to prove pretext, the Court will assume that a prima facie case exists. *Id.* (assuming without deciding that plaintiff established prima facie case).

Moore rests her pretext argument on the single premise that Defendant treated her supervisor Lionel Cooper more favorably by allowing him "to continue working flex time while Ms. Moore was denied the opportunity . . . ." Pl.'s Mem. [27] at 4. This argument falls short for a host of reasons, beginning with Moore's failure to cite any record evidence supporting its factual basis. *See* Fed. R. Civ. P. 56(c)(1) (requiring nonmovant to cite "particular parts of material in record"); 56(c)(3) (stating that court need not consider uncited materials in the

4

record); 56(e)(3) (allowing court to grant judgment if a party fails to properly support their position). The motion can be granted on this basis alone.

Even if the Court overlooks this technical default, an independent review of the record fails to support Moore's claim that she and Cooper were similarly situated. "[A]n employee who proffers a fellow employee as a comparator [must] demonstrate that the employment actions at issue were taken 'under nearly identical circumstances.'" *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). Although nearly identical is not equivalent with identical, "[e]mployees with different supervisors, who work for different divisions," "who were the subject of adverse employment actions too remote in time from that taken against the plaintiff," and "who have different work responsibilities" generally are not similarly situated to one another. *Id.* at 259–60. And if a difference between the plaintiff and the comparator "'accounts for the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis." *Id.* at 260 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001)).

In this case, Cooper was Moore's supervisor. But even if that were not alone enough to distinguish the circumstances, Moore's argument contradicts her deposition testimony that Cooper worked a "compressed" time schedule. Pl.'s Mem. Resp. [27] Ex. A, Moore Dep. 64:1–8, Dec. 20, 2013. "Compressed" time required Cooper to work from 7:30 a.m. to 5:00 p.m., with a compensated day off every other week. *Id.* Conversely, "flex" time allowed employees to leave work earlier as compensation for shortened lunch breaks. Def.'s Mem. Supp. Summ. J. [24] at 2. The two were not treated differently under nearly identically circumstances.

Finally, even if Moore complied with Rule 56(c), and even if she and Cooper were treated differently with respect to granting flex time, this still would not show pretext. To establish pretext, the alleged disparity in treatment must relate to the operative decision (*i.e.*, the decision to terminate Moore's employment). *Wodi v. Cardinal Health Pharmacy Servs., LLC*, No. 3:12–cv–668–DPJ–FKB, 2014 WL 202754, at *3 n.2 (S.D. Miss. Jan. 17, 2014). According to Defendant, Moore lost her job due to insubordination. Yet Moore does not suggest that Cooper was insubordinate or that Defendant turned a blind eye to any insubordination on his part. Thus, Cooper and Moore were not treated differently under nearly identical circumstances with respect to the termination of her employment.[1]

IV. Conclusion

The Court has considered all the arguments. Those not specifically addressed would not change the result. For the foregoing reasons, Defendant's Motion for Summary Judgment [23] is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] *See Pollak v. Lew*,—— F. App'x ——, 2013 WL 5366841, at *3 (5th Cir. Sept. 26, 2013) ("Merely identifying other employees who he believed enjoyed more opportunities is insufficient" (punctuation altered)); *Lee*, 574 F.3d at 260 ("[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." (citations omitted)); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (observing that plaintiffs must show "the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." (citations omitted)); *see also Minor v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:12–CV–0036–G(BF), 2013 WL 3477223, at *5 (N.D. Tex. July 10, 2013) (rejecting argument that disparate treatment exists when plaintiff is "generally treated less favorably" than comparators where there was no evidence comparators engaged in nearly identical misconduct).